IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL DERENCE, CZ-8289, )
    Petitioner, )
     )
    v. ) 2:16-cv-1248
     )
COMMONWEALTH OF PENNSYLVANIA )
COURT OF COMMON PLEAS, )
    Respondent. )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition for a writ of habeas corpus submitted by Daniel Derence (ECF No. 6) be dismissed as a successive petition, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Daniel Derence an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus.

Derence is presently serving a fifteen to thirty year sentence imposed following his rape convictions at No. 94-14477 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 9, 1996.[1] In support of the present petition, Derence contends he is entitled to relief on the following grounds:

1. When police detectives came and arrested him not only did they not read him his <u>Miranda</u> rights but they threatened him with a beating or death if he didn't answer their questions.

2. The police searched his apartment without a search warrant in violation of the 4th Amendment, took his private papers for which they never provided a receipt and were laughing throughout the entire proceedings.

3. The prosecutor amended the original charges by adding new charges in violation of the Pennsylvania Rules of Court.

---

[1] Because the petition here is so sparse, the factual background is taken from both the instant petition and his prior petition filed at 2:01-cv-1107.

4. All 14 jurors empaneled jurors initially went into the jury room at the same time when only 12 should have been permitted to do so.

5. The trial court violated his rights to a speedy trial by not releasing him from custody after 180 days had expired and his trial had not commenced.[2]

However, this is not petitioner's first federal challenge to this conviction. On May 15, 2001 he filed a challenge to this same conviction which was docketed at 2:.01-cv-1107. In the latter petition, Derence alleged he was entitled to relief on the following grounds:

1. My Miranda rights were not only denied, but the officers threatened me with a beating or death if I didn't answer their questions.

2. The police searched my apartment even though they had no warrant. They took all of my personal papers including my property deeds, my income tax papers[,] my confidential Social Security papers as well as personal bills and other documents. They never game me a receipt and laughed throughout the ordeal. Fearing for my life I was afraid to argue with them. During the search of my apartment they took my wallet containing cash and a Drivers license with my picture and my brother's name on it. They used [sic] at the 1st and 2nd arraignment to obtain a $50,000 straight bond. It was presented again at the trial and used throughout the trial as evidence even though it was obtained by illegal search and seizure violating my Constitutional rights.

3. There was no attorney present at the arraignment, and I never saw a public defender for 4 months. My request for discoveries and a #306 motion covering all disputed issues and suppression of any evidence unlawfully obtained was ignored and I was never notified why. When I finally saw a public defender, she told me that she didn't have enough of [sic] information to prepare a defense for this case.

4. When a new Assistant D.A. took over the case, rather than amend (which is proper) she added 7 more serious charges clearly contrary to Pa. Rules of Court.

5. After 180 days prior to trial, my right to a speedy trial (Rule #1100) was denied by the judge. According to Pa. Rules of Court, she (my public defender) should've filed

---
[2] See: Petition at ¶12.

a petition to have all charges dismissed with prejudice on grounds that my right to a speedy trial was violated. She failed to do this and I was held unlawfully until trial.

6. After I dismissed my public defender in favor of a court appointed attorney, she (my public defender) violated my attorney-client confidentiality by giving the Assistant DA all my information and allowed the ADA to completely change her story severely damaging my defense that was based on impeachment. Her prior statements at the Preliminary Trial hearing were then altered to cover previous blatant incredible statements.

7. After the final arguments at the trial, all 14 jurors went into the Jury Room. This included the 2 new alternates in question. I have an eye witness to this. The verdict should be ruled false because of this illegal action.

8. At the sentencing, the trial judge stated that if we (my attorney and I) filed a Post Sentence Motion that it would expire by law in 120 days whether he made a ruling or not. This same judge took 2 years to make his ruling even though he was aware that it was contrary to Pa. Rules of Court. In addition he ordered the Clerk of Courts (Mrs. Itkin) not to notify me that the motion was denied by law and that I had 30 days to file an appeal. I know that his purpose was to delay my appeal to Superior Court for years and not months. His statement at the sentencing (recorded in the transcript) made it very clear of the time limits on the motion. Now after 2 years (1996-1998) my court appointed attorney received the ruling (Denied) with instructions that we had 30 days to file an appeal. This time the judge took 1 ½ years to write his opinion knowing that I would be further held unlawfully. Six (6) months later Superior Court sided with the trial court and denied my request for a new trial or an acquittal.

9. My court appointed attorney then filed an appeal to Pa. Supreme Court. After 6 months the Pa. Supreme Court denied my appeal without even looking at it. Is this what's known as Due Process? The trial judge, public defender, and my court appointed attorney all refused to deal with these issues even though they were clearly brought to

> their attention. As an American I should not have been cheated out of these rights.[3]

On March 4, 2003, the petition was dismissed and a certificate of appealability was denied. On October 23, 2003, the Court of Appeals also denied a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

The issues which Derence seeks to raise here have been previously addressed in his first petition. Accordingly, the instant petition is a successive petition and this Court cannot address its merits without leave of the Court of Appeals. 28 U.S.C. . § 2244(b)(3). For this reason, it is recommended that the petition of Daniel Derence for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of

---
[3] See: 2:01-cv-1107, ECF No.9 at pp.4-5.

appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: September 26, 2016  
United States Magistrate Judge